Charles M. Walker
U.S. Bankruptcy Judge
Dated: 4/3/2018



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JACKSON MASONRY, LLC., | ) | Case No: 3:16-bk-02065 |
| | ) | Chapter 11 |
| Debtor-in-Possession. | ) | Honorable Charles M. Walker |
| ———————————————— | ) | |
| | ) | |
| JACKSON MASONRY, LLC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No: 17-90157 |
| | ) | |
| RITZEN GROUP, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| ———————————————— | ) | |

**MEMORANDUM OPINION**

The parties came before this Court over a year ago locked in battle over a parcel of real estate in Nashville, Tennessee. The saga continues here where the conflict rests on the validity of a *lis pendens*, under Tennessee state law and federal bankruptcy law.

**BACKGROUND**

Jackson, as the seller, and Ritzen, as the buyer, entered into a sales contract for a parcel of land located at 1200 49th Avenue North, Nashville, TN ("Property"). Ritzen filed suit ("Suit") in Chancery Court for Davidson County, Tennessee, when the sale failed to close. Based on the Suit, Ritzen recorded a lien *lis pendens* ("*lis pendens*") against the Property pursuant to Tennessee state law.

1

The Suit was stayed when Jackson filed for relief under Chapter 11 of the Bankruptcy Code.[1] When Ritzen failed to prosecute or take any action to preserve the suit for over ten months, the Chancery Court entered an order dismissing the case.

Meanwhile, Jackson challenged Ritzen's proof of claim,[2] and this Court found in favor of Jackson, entering judgment with damages of $248,311.83 for Ritzen's inability to close the sale. The order included two provisions regarding the *lis pendens:* (1) the terms of the Plan did not affect the *lis pendens*, and (2) Jackson reserved all rights to challenge the validity of the *lis pendens*, including through the filing of a motion to compel the removal of the *lis pendens*, if Ritzen fails to post a sufficient supersedeas bond.

After confirmation of its plan of reorganization, Jackson sought a line of credit ("LOC") to fund its operations and meet its obligations under the Plan. The financing was contingent on the removal of the *lis pendens*, or at least its subordination to the LOC. Ritzen refused to remove the *lis pendens*, resulting in the filing of this action.

A hearing was conducted wherein the parties addressed the allegations in the complaint, as well as the jurisdictional issues in the motion to dismiss. In support of its position, Jackson called Roger Jackson to testify. Mr. Jackson is the principal and sole owner of Jackson Masonry. Mr. Jackson testified as to the operation of Jackson, and his efforts to obtain the LOC.

## REQUESTED RELIEF

The Complaint

Jackson seeks relief under three provisions of the Code: §§ 506(d), 1142(b), and 105(a). By invoking the avoidance provisions of § 506(d), Jackson seeks to have this Court declare the *lis pendens* void. This argument rests on the fact that Ritzen's secured claim was disallowed, and that applicable Tennessee law renders the *lis pendens* void at the dismissal of the underlying state court action.

Second, and alternatively, Jackson requests the Court order Ritzen to cause the *lis pendens* to be removed as provided under Tennessee state law. This request draws on the Court's powers under § 1142(b), to direct any party to perform in any way necessary for the

---

[1] 11 U.S.C. § 101 *ff*. Any reference to "section" or "the Code" is a reference to the Bankruptcy Code unless another reference is stated.
[2] *See* Adversary No. 3:16-ap-90263; ECF No. 118.

consummation of the plan.  Jackson couples this with the inherent powers under § 105(a) for an order requiring removal of the *lis pendens* because it creates a cloud on the title of the Property. This "cloud" is preventing Jackson from consummating its reorganization because it cannot obtain the LOC.

The Motion to Dismiss

Ritzen argues for dismissal under two main theories: (1) lack of subject matter jurisdiction; and (2) failure to state a cause of action.

(1)     FED. R. CIV. P. 12(b)(1).[3]  Lack of Subject Matter Jurisdiction.

A challenge to the Court's subject matter jurisdiction can come in two forms: a facial attack that challenges the pleading's sufficiency, and a factual attack that contests subject matter jurisdiction based on the factual allegations.  *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir.), *cert denied*, 513 U.S. 868, 115 S. Ct. 188, 130 L. Ed. 2d 121 (1994).  A facial challenge disputes the existence of alleged facts in the complaint that establish the court's ability to hear the case. *Crawford v. United States Dep't of Justice*, 123 F. Supp. 2d 1012, 1013-14 (S.D. Miss. 2000).  A facial attack requires the court to take the material allegations of the petition as true and construe them in the light most favorable to the non-moving party.  *Ritchie* citing *Scheuer v. Rhodes*, 416 U.S. 232, 235-37, 94 S. Ct. 1683, 1686-87, 40 L. Ed. 2d 90 (1974).

A factual attack requires no presumption as to the truthfulness of the allegations.  This is because the court is considering the allegations strictly to determine jurisdiction.  *Id.* citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990); Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1350 at 225 (1990); and *Shaw v. Merritt-Chapman & Scott Corp*, 554 F.2d 786, 789 (6th Cir. 1977)  The burden in establishing subject matter jurisdiction lies with the plaintiff when the jurisdictional facts are challenged.  *Ohio Nat'l Life*, 922 F.2d at 324; *see also Rogers v. Stratton Indus., Inc*., 798 F.2d 913, 915 (6th Cir. 1986) (per curiam).

 (2)     FED. R. CIV. P. 12(b)(6) – Failure to State a Claim

A 12(b)(6) challenge is one that tests the sufficiency of the complaint. *Smith v. Bank of Am. Corp.*, 485 F. App'x 749, 751 (6th Cir. 2012).  The unexceptional standard requires that the complaint contain sufficient facts that, when "accepted as true, state a claim to relief that is

---

[3] Federal Rule of Civil Procedure 12 is made applicable here by Federal Rule of Bankruptcy Procedure 7012.

3

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).  Plausibility is "when the plaintiff pleads factually content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

## STATUTORY PREDICATE

Tennessee State Law

The authorization of a *lis pendens* is governed by Tennessee state law.  The applicable provisions provide:

> (a) When any person, in any court of record, by declaration, petition, bill or cross bill, seeks to fix a lien lis pendens on real estate, or any interest in real estate, situated in the county of suit, in furtherance of the setting aside of a fraudulent conveyance, of subjection of property under return of nulla bona, tracing a trust fund, enforcing an equitable vendor's lien, or otherwise, that person shall file for record in the register's office of the county an abstract, certified by the clerk, containing the names of the parties to the suit, a description of the real estate affected, its ownership and a brief statement of the nature and amount of the lien sought to be fixed.

TENN. CODE ANN. § 20-3-101 (West).

Termination and removal of a *lis pendens*, however, is governed by the following provision:

> (a) Where the suit, abstract of the claimed lien in which has been filed and recorded, finally terminates, whether on the merits or otherwise, the court may direct the entry on the lien book in the registry of an order respecting the suit made by it, which order, certified by the clerk, shall be presented to the register, who shall immediately note its date and record it on the lien book at the proper place.
> (b) Should no such order be entered by the court, it is the duty of the plaintiff or complainant who filed the notice abstract to cause to be noted of record the fact of termination, or, if the claim is satisfied, the satisfaction of the claim, such notation to be attested in writing by the register or the register's deputy.

TENN. CODE ANN. § 20-3-103 (West).

Jackson asserts jurisdiction in this Court under three provisions of the Code. First, under

§ 506, Jackson seeks an order deeming the *lis pendens* void. The relevant provision under that

section provides:

> **(d)** To the extent that a lien secures a claim against the debtor that is not an
> allowed secured claim, such lien is void, unless--
>> **(1)** such claim was disallowed only under section 502(b)(5) or 502(e) of
>> this title; or
>> **(2)** such claim is not an allowed secured claim due only to the failure of
>> any entity to file a proof of such claim under section 501 of this title.

11 U.S.C.A. § 506 (West).

Second, Jackson claims that this Court has post-confirmation jurisdiction because § 1142

provides in relevant part:

> **(b)** The court may direct the debtor and any other necessary party to execute or
> deliver or to join in the execution or delivery of any instrument required to effect
> a transfer of property dealt with by a confirmed plan, and to perform any other
> act, including the satisfaction of any lien, that is necessary for the consummation
> of the plan.

11 U.S.C.A. § 1142 (West).

Jackson implores the Court to draw on its powers to enforce the confirmation order by

requiring Ritzen to remove the *lis pendens*. The Court is afforded those powers in § 105:

> **(a)** The court may issue any order, process, or judgment that is necessary or
> appropriate to carry out the provisions of this title. No provision of this title
> providing for the raising of an issue by a party in interest shall be construed to
> preclude the court from, *sua sponte*, taking any action or making any
> determination necessary or appropriate to enforce or implement court orders or
> rules, or to prevent an abuse of process.

11 U.S.C.A. § 105 (West).


**DISCUSSION**

Voiding the *Lis Pendens* under § 506

Jackson relies on its assertion that the *lis pendens* is a lien, and this Court's Order (ECF

No. 375), and related Bench Decision (ECF No. 423), disallowing Ritzen's claims in their

entirety for the premise that this Court has jurisdiction to declare the *lis pendens* void. Ritzen

asserts (1) the *lis pendens* is not a lien for purposes of § 506(d); and (2) Ritzen's claim has not

5

been disallowed because an appeal of this Court's decision is pending. Ritzen is correct on both counts.

First, the *lis pendens* is not a lien for purposes of § 506(d) because it does not create a lien supported by a property interest. *In re Mundy Ranch, Inc.*, 484 B.R. 416, 424 (Bankr. D.N.M. 2012). The nature of a *lis pendens* is that of notice. A party to an action records a *lis pendens* with the property register in order to serve notice to all that an action is pending, and that action has the potential to affect the title of the subject property. *Oliver v. Upton*, No. 01A01-9705-CH-00197, 1998 WL 151388, at *5 (Tenn. Ct. App. Apr. 3, 1998), citing *Figlio v. Shelley Ford, Inc.*, No. 88 15 II, 1988 WL 63497 at *3 (Tenn. Ct. App. June 22, 1988); *see also Beefy King Int'l, Inc. v. Veigle*, 464 F. 2d 1102, 1104 (5th Cir. 1972) ("The purpose of a *lis pendens* is to notify prospective purchasers and encumbrancers that any interest acquired by them in the property in litigation is subject to the decree of the court.")

The filing of a *lis pendens* does not create a lien for bankruptcy purposes. *See Wells Fargo Funding v. Gold*, 432 B.R. 216, 224 (E.D. Va. 2009). Bankruptcy courts recognize that a *lis pendens* is not a lien in the context of the Code. *In re Adamson*, 312 B.R. 16, 20 (Bankr. D. Mass. 2004) (in approving a sale under §363, the court held that the debtor-in-possession could not invoke § 363(f) to extinguish a notice of *lis pendens* because a *lis pendens* is not an interest in, nor a lien against estate property for the purpose of § 363.) Consequently, it follows that if the broad strokes authorized by § 363 to erase "liens, claims and encumbrances" cannot remove a *lis pendens*, the more restricted provisions of § 506(d) cannot be extended to do so either.

As for the disallowance of Ritzen's claim, the pending appeal of this Court's order disallowing the claim means that the question of the allowance of Ritzen's claim has not been resolved. The plan itself refers to a "final order" as one that is not subject to appeal. (ECF No. 388). The appeal pending in the Sixth Circuit Court of Appeals[4] has not been resolved by either final disposition from that court, nor the expiration of the time to seek certiorari. Therefore, the allowance or disallowance of Ritzen's claim remains unresolved.

Accordingly, Jackson cannot utilize § 506(d) to void the *lis pendens*.

---

[4] *Ritzen Group, Inc. v. Jackson Masonry, LLC*, 0:2018bk05161 (6th Cir. 2018).

Post-Confirmation Jurisdiction

Jackson asserts that jurisdiction extends post-confirmation when a matter has such a close nexus to the bankruptcy plan that it affects "the interpretation, implementation consummation, execution, or administration of the confirmed plan[.]" *Thickstun Bros. Equip. Co., Inc. v. Encompass Servs. Corp. (In re Thickstun Bros. Equip. Co., Inc.)*, 344 B.R. 515, 521 (B.A.P. 6th Cir. 2006) quoting *Bender v. Price Waterhouse & Co., LLP (In re Resorts Int'l, Inc.)*, 372 F.3d 154, 166-67 (3d Cir. 2004).

Jackson further argues that the Court should exercise its powers under § 1142(b) to command the removal of the *lis pendens* in facilitation of the confirmed plan by allowing Jackson to obtain a LOC. Additionally, Jackson argues that the release of the *lis pendens* is crucial to enforcement of the confirmation order and, therefore, this Court has jurisdiction to order the release of the *lis pendens*, or its subordination, under §§ 1142(b) and 105.

Ritzen disputes the Court's jurisdiction to assist Jackson at this juncture of its bankruptcy case because the protections of the Code are not available to Jackson who has exited the bankruptcy process. Relying on *Pettibone Corp. v. Easley*, 935 F.2d 120 (7th Cir. 1991), Ritzen maintains that given the post-confirmation status of Jackson's bankruptcy case, Jackson is now outside the range of protections afforded by the Code.

> Once the bankruptcy court confirms a plan of reorganization, the debtor may go about its business without further supervision or approval. the [debtor] also is without the protection of the bankruptcy court. It may not come running to the bankruptcy judge every time something unpleasant happens. **Formerly a ward of the court, the debtor is emancipated by the plan of reorganization**.

*Id.* at 122 (emphasis added).

Ritzen further argues that the plan does not confer jurisdiction because it does not contain any provision that would grant jurisdiction to this Court for this cause of action. Specifically, nothing in the plan or the disclosure statement contemplates the Debtor obtaining a LOC to fund the plan. Nor did any term of any agreement between the parties require Ritzen to remove the *lis pendens*.

Ritzen's argument is well taken. The terms of the plan specifically state that the plan is to be funded by cash generated by the ongoing operations of Jackson. *See* Plan, ECF No. 388, at

7

Article VI § C and section XII.c of the Disclosure Statement (ECF No. 388 & 389). It does not include a LOC as part of the funding scheme.

Moreover, Mr. Jackson testified that the LOC was not something he obtained in the normal course of operating the business. In fact, he stated that the last time he took out a LOC to assist with operation of the business was in 2009. He further stated that the LOC was not necessary for operations, but would be nice to have as a safety net. These statements clearly indicate that Jackson's efforts to obtain a LOC are not within the jurisdiction of this Court, and are not sheltered by the protections afforded under § 1142. Section 1142 limits this Court's jurisdiction to matters concerning the implementation, execution, or enforcement of provisions contained in a confirmed plan. Here, no provision of the plan anticipates Jackson obtaining a LOC in order to operate the business and fund the plan. Further, there is no mention of a LOC in the Disclosure Statement either.

Since § 105 cannot be used to create bankruptcy court jurisdiction where it does not already exist, Jackson cannot invoke § 1142(b) and/or § 105 to have the *lis pendens* removed or subordinated.


Tennessee State Law

Tennessee law provides for the filing of a *lis pendens* when an action is commenced that may affect the title of property. The *lis pendens* serves as notice of a claim against property, but does not itself serve as an encumbrance on title. *David Leonard Assocs., P.C. v. Airport-81 Nursing Care, Inc. (In re Airport-81 Nursing Care, Inc.)*, 32 B.R. 960, 964 (Bankr. E.D.Tenn. 1983). By filing the *lis pendens*, the plaintiff is using a procedural step to attach a notice provision to the property, and is not creating a lien. "There must be some other authority, equitable or otherwise, providing the basis for a lien right. *Id.* citing 10A G. Thompson, *Commentaries on the Modern Law of Real Property* § 5304 (Repl. 1957). "It simply gives notice that the plaintiff in the pending action has a claim that would adversely effect the title of the prospective purchaser if the plaintiff is successful in the litigation." *Figlio,* 1988 WL 63497 at *3.

The Tennessee statute also provides the proper procedure for removal of a *lis pendens*. *Supra* at 5. The statute is clear as to the circumstances necessary to terminate the *lis pendens*:

8

> Where the suit on which the notice is based finally terminates, the right to subject subsequent purchasers and encumbrancers to the claims described in the action on which the lis pendens is based comes to an end. The statute provides that if the court does not so order it is the duty of the plaintiff to note the fact of termination in the register's office where the notice is filed.

*Figlio,* 1988 WL 63497, at *4.

Ritzen contends that the Suit is not terminated because Ritzen's claim in that action "transformed" into the claims process in this court and is, therefore ongoing in the appeal. Ritzen cites to no authority for this "transformation" premise, and for good reason: there is none. The only possible way for the Suit to have continued in federal court, and be subject to the appeal process here, is if Ritzen had sought and obtained removal of the Suit to federal court. Ritzen made no such move. The record reflects that the Suit was dismissed by the state court. Upon dismissal, the legitimacy of the *lis pendens* was extinguished under the Tennessee statute, the same law that authorized it:

> [T]he suit out of which the original lis pendens arose did "finally" terminate when the plaintiff did not appeal or move to alter or amend the judgment or move for a new trial within thirty days after the order of dismissal was entered. The claim described in that action was no longer a pending lawsuit.

*Id.*

Ritzen's last ditch effort is to argue that the *lis pendens* did not terminate on the dismissal of the Suit because the dismissal was not on the merits. Again, Ritzen's argument fails. The statute does not discern under what circumstances the underlying case was dismissed. In fact, the statute uses the broadest language to describe the requisite circumstances of the dismissal: "whether on the merits or otherwise." (*Supra* at 5). *Figlio,* 1988 WL 63497, at *4. Therefore, it appears that, pursuant to the Tennessee statute, the *lis pendens'* legality terminated upon the dismissal of the Suit.

This is a cautionary tale for Chapter 11 debtors-in-possession. This relief could and should have been sought through the plan and confirmation process. Waiting until post-confirmation brought its challenges, and legitimate challenges they were. Post-confirmation jurisdiction is not a given, and there are many instances where the challenges to that jurisdiction are, as here, well founded.

This Court is not willing to stretch the bounds of its jurisdiction when the answer is obvious: the status of the legitimacy of the *lis pendens* is not properly a determination for this

9

Court.  That question is one for the state court.  To expand its jurisdiction in this instance would encourage reorganized debtors to come running to bankruptcy court to seek enforcement of "wishful" provisions, or to stretch actual plan provisions to something unrecognizable by the parties bound by the plan.

## CONCLUSION

Tennessee state law provides the authorization for a *lis pendens*.  That statute provides the procedural steps to be taken in the state court to file a *lis pendens*, and to remove one.  No Code provision bestows jurisdiction on this Court to affect those procedural steps, or issue an order regarding the requirements of the state court concerning matters governing its register.

Therefore, Ritzen's Motion to Dismiss is GRANTED.  A separate Order will issue.

This Order has been electronically signed.  The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.